# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## NORTHERN DIVISION

CHANADA ROBINSON for herself and )
as next friend/next of kin for )
ANTHONY THOMPSON JR., )
      )
      and )
      )
GRALYN STRONG, )
      )
      Plaintiffs, )
      )
vs. )    Case No. 3:22-cv-00125
      )    Atchley/McCook
      )    **JURY TRIAL REQUESTED**
KNOX COUNTY BOARD OF )
EDUCATION, KNOX COUNTY, )
CITY OF KNOXVILLE, d/b/a the )
Knoxville Police Department, a )
government entity, OFFICER BRIAN )
BALDWIN, in his individual and )
official capacity, OFFICER STANLEY )
CASH, in his individual and official )
capacity, OFFICER JONATHON )
CLABOUGH, in his individual and )
official capacity, and OFFICER ADAM )
WILLSON, in his individual and )
official capacity, )
      )
      Defendants. )

## ANSWER OF DEFENDANT CITY OF KNOXVILLE

Comes now Defendant City of Knoxville, by and through counsel, and for its Answer

to the Complaint would show the Court as follows:

## AFFIRMATIVE DEFENSES

Pursuant to FED R. CIV. P. 8(c), Defendants City of Knoxville submits affirmative

defenses including but not limited to the following:

1.     The Complaint fails to state a claim against the Defendants upon which relief can be granted.

2.     At all times material hereto Defendant City of Knoxville and its employees acted reasonably, properly, prudently and correctly, and in accordance with state and federal law.

3.     The Plaintiffs' alleged damages, if any, were proximately caused by the decedent's and Plaintiff Strong's own negligent or intentional acts, and thus Plaintiffs' recovery is barred or limited by the doctrine of comparative fault.

4.     State law allegations against the Defendants are governed and restricted by the Tennessee Governmental Tort Liability Act, TENN. CODE ANN. § 29-20-101, *et seq.*, and the Defendants have full or partial immunity from such claims pursuant to the Act and pursuant to the public duty doctrine.  Further, claims for damages under the Act are limited.

5.     The Defendants did not violate any of the decedent's or Plaintiff Strong's constitutional rights, nor did they negligently or intentionally inflict any of the injuries or damages claimed by the Plaintiffs.

6.     No policy, custom or practice of the City of Knoxville was the moving force behind the civil rights violations alleged in the Complaint.

7.     The City of Knoxville is not liable under the doctrine of *respondeat superior* or any other theory of imputed liability for any civil rights violations under 42 U.S.C. § 1983, nor can it be liable under *respondeat superior* or any other theory of imputed liability for any supplemental state law claims under the immunity provisions of the Tennessee Governmental Tort Liability Act, TENN. CODE ANN. §§ 29-20-205 and 29-30-310.

8.     Pursuant to *City of Los Angeles v. Heller*, 475 U.S. 796, 106 S.Ct. 1571, 89 L.Ed.2d 806 (1986), these Defendants cannot be held liable under 42 U.S.C. § 1983 without a finding of an underlying civil rights violation by an employee, which violation does not exist.

9.     Pursuant to 42 U.S.C. § 1988, if the Defendants prevail on any federal claims under 42 U.S.C. § 1983, then they are entitled to recover from Plaintiff their reasonable attorney's fees and costs to defend this action.

10.    The Defendant cannot be liable for punitive damages pursuant to 42 U.S.C. § 1983 or the Tennessee Governmental Tort Liability Act, and therefore any such claims for punitive damages should be dismissed.

11.    The provisions of TENN. CODE ANN. § 8-8-301, *et seq.*, are inapplicable to the Defendant or its police officers.

12.    The Plaintiffs are improperly joined as parties pursuant to FED. R. CIV. P. 15(a)(1).

## DEFENSES TO SPECIFIC ALLEGATIONS

### Sections I and II:[1]

1.     Being merely a statement of the nature of Plaintiffs' claims, the allegations of ¶ 1 of Section I of the Complaint require no response from the Defendant, although it is specifically denied that any of the Defendants violated the constitutional rights of the

---

[1] The Complaint enumerates the paragraphs in sections I and II separately from the paragraphs in the remainder of the Complaint. For the purposes of this Answer, the responses to the enumerated paragraphs of Sections I and II will carry a specific reference to those sections, and the responses to the remaining enumerated paragraphs will be numbered as noted in those sections, without additional reference.

3

Plaintiffs, nor are they liable to the Plaintiffs under 42 U.S.C §§ 1983 or 1988, the United States Constitution, or state law.

2.     It is admitted that this Court has subject matter jurisdiction over the federal claims in this action, as alleged in ¶ 2 of Section II of the Complaint.

3.     It is admitted that this Court may exercise supplemental jurisdiction over Plaintiffs' state law claims, as alleged in ¶ 3 of Section II of the Complaint, although it is specifically denied that any of the Defendants are liable to the Plaintiffs under state law.

4.     It is admitted that venue is proper in this Court, as alleged in ¶ 4 of Section II of the Complaint.

**Sections III, VI, V and VI:**

1.     The allegations of ¶ 1 of the Complaint are admitted, upon information and belief.

2.     The allegations of ¶ 2 of the Complaint are admitted, upon information and belief.

3.     The allegations of the first sentence of ¶ 3 of the Complaint are admitted, upon information and belief.  The Defendant has insufficient information upon which to form a belief as to the truth of the remaining allegations of ¶ 3 of the Complaint.

4.     The allegations of the first two sentences of ¶ 4 of the Complaint are admitted, except that the City of Knoxville may be served through the Mayor or the Law Director, not the Law Department.  To the extent that the remaining allegations of ¶ 4 of the Complaint are merely a statement of the nature of Plaintiffs' claims, said allegations require no response from the Defendant, although it is specifically denied that the Defendant violated the constitutional rights of the Plaintiffs or is liable to the Plaintiffs under any theory.

4

5.     The allegations of the first sentence of ¶ 5 of the Complaint are admitted.  The allegations of the second sentence of ¶ 5 of the Complaint are denied.  The Defendant has insufficient information upon which to form a belief as to the truth the remaining allegations of ¶ 5 of the Complaint.

6.     Being merely a statement of the nature of Plaintiffs' claims, the allegations of the first sentence of ¶ 6 of the Complaint require no response from the Defendant, although it is specifically denied that any of said Defendants violated the constitutional rights of the Plaintiffs.  The allegations of the second sentence of ¶ 6 of the Complaint are admitted as to the Defendant officers except for Defendant Baldwin, as to whom they are denied.  The allegations of the third sentence of ¶ 6 of the Complaint are admitted, except that it is denied that said Defendants can be serviced with process through the City of Knoxville Law Department.

7.     It is admitted that on or about July 17, 2019, the City of Knoxville, along with a number of other entities, entered into the Memorandum of Agreement [Doc. # 1-5] attached to the Complaint.  The remaining allegations of ¶ 7 of the Complaint are denied.

8.     With regard to the allegations of ¶ 8 of the Complaint, the Memorandum of Agreement referenced therein is a written document which speaks for itself.  To the extent the allegations of ¶ 8 of the Complaint are consistent with the terms and provisions of such document, they are admitted, and to the extent the allegations of ¶ 8 of the Complaint are inconsistent with the terms and provisions of such document, they are denied.  To the extent that the allegations of ¶ 8 of the Complaint suggest, allege, imply or infer that any of the Defendants are in any way liable to Plaintiffs, they are denied.

9.      With regard to the allegations of ¶ 9 of the Complaint, the Memorandum of Agreement referenced therein is a written document which speaks for itself.  To the extent the allegations of ¶ 9 of the Complaint are consistent with the terms and provisions of such document, they are admitted, and to the extent the allegations of ¶ 9 of the Complaint are inconsistent with the terms and provisions of such document, they are denied.  To the extent that the allegations of ¶ 9 of the Complaint suggest, allege, imply or infer that any of the Defendants are in any way liable to Plaintiffs, they are denied.

10.     With regard to the allegations of ¶ 10 of the Complaint, the Memorandum of Agreement referenced therein is a written document which speaks for itself.  To the extent the allegations of ¶ 10 of the Complaint are consistent with the terms and provisions of such document, they are admitted, and to the extent the allegations of ¶ 10 of the Complaint are inconsistent with the terms and provisions of such document, they are denied.  To the extent that the allegations of ¶ 10 of the Complaint suggest, allege, imply or infer that any of the Defendants are in any way liable to Plaintiffs, they are denied.

11.     With regard to the allegations of ¶ 11 of the Complaint, the Memorandum of Agreement and the Knox County School Board Policy referenced therein are written documents which speaks for themselves.  To the extent the allegations of ¶ 11 of the Complaint are consistent with the terms and provisions of such documents, they are admitted, and to the extent the allegations of ¶ 11 of the Complaint are inconsistent with the terms and provisions of such documents, they are denied.  To the extent that the allegations of ¶ 11 of the Complaint suggest, allege, imply or infer that any of the Defendants are in any way liable to Plaintiffs, they are denied.

12.     With regard to the allegations of ¶ 12 of the Complaint, the Memorandum of Agreement referenced therein is a written document which speaks for itself.  To the extent the allegations of ¶ 12 of the Complaint are consistent with the terms and provisions of such document, they are admitted, and to the extent the allegations of ¶ 12 of the Complaint are inconsistent with the terms and provisions of such document, they are denied.  To the extent that the allegations of ¶ 12 of the Complaint suggest, allege, imply or infer that any of the Defendants are in any way liable to Plaintiffs, they are denied.

13.     With regard to the allegations of the first sentence of ¶ 13 of the Complaint, the Memorandum of Agreement referenced therein is a written document which speaks for itself.  To the extent the allegations of the first sentence of ¶ 13 of the Complaint are consistent with the terms and provisions of such document, they are admitted, and to the extent the allegations of the first sentence of ¶ 13 of the Complaint are inconsistent with the terms and provisions of such document, they are denied.  To the extent that the allegations of the first sentence of ¶ 13 of the Complaint suggest, allege, imply or infer that any of the Defendants are in any way liable to Plaintiffs, they are denied.  The remaining allegations of ¶ 13 of the Complaint are denied.

14.     In that ¶ 14 of the Complaint makes no independent allegations and only refers to subsequent paragraphs, no response is required.  To the extent that ¶ 14 of the Complaint may be construed as alleging any liability of the Defendants, said allegations are denied.

15.     The Defendant has insufficient information upon which to form a belief as to the truth of the allegations of ¶ 15 of the Complaint.

16.     The allegations of ¶ 16 of the Complaint are admitted, upon information and belief.

17.     The allegations of ¶ 17 of the Complaint are admitted, upon information and belief.

18.     It is admitted that in the wake of the deaths noted in ¶ 16 of the Complaint, the Knoxville Police Department increased its presence in the area.  The remaining allegations of ¶ 18 of the Complaint are denied.

19.     The Defendant has insufficient information upon which to form a belief as to the truth of the allegations of ¶ 19 of the Complaint.  It is admitted that community forums were held and that statements were made, but the Defendant cannot admit nor deny the accuracy of any of the alleged statements in ¶ 19.

20.     The Defendant has insufficient information upon which to form a belief as to the truth of the allegations of ¶ 20 of the Complaint.  It is admitted that Thompson and Page had issues at school and school officials became involved in their situation.

21.     The Defendant has insufficient information upon which to form a belief as to the truth of the allegations of ¶ 21 of the Complaint.

22.     The allegations of ¶ 22 of the Complaint are admitted, upon information and belief.

23.     The Defendant has insufficient information upon which to form a belief as to the truth of the allegations of ¶ 23 of the Complaint.

24.     The Defendant has insufficient information upon which to form a belief as to the truth of the allegations of ¶ 24 of the Complaint.

25.     The allegations of ¶ 25 of the Complaint are denied as stated.  It is admitted that Thompson and Page had an argument.  It is denied that there was no apparent violence by Thompson toward Page.

26.     The Defendant has insufficient information upon which to form a belief as to the truth of the allegations of ¶ 26 of the Complaint.

27.     The Defendant has insufficient information upon which to form a belief as to the truth of the allegations of ¶ 27 of the Complaint.

28.     The Defendant has insufficient information upon which to form a belief as to the truth of the allegations of ¶ 28 of the Complaint.

29.     The Defendant has insufficient information upon which to form a belief as to the truth of the allegations of ¶ 29 of the Complaint, although it is admitted that that Thompson "roamed the halls" and grounds of Austin-East Magnet School for a period of time on April 12, 2021.

30.     The allegations of ¶ 30 of the Complaint are denied.

31.     The allegations of ¶ 31 of the Complaint as to the substance of the texts are generally admitted.  To the extent that Plaintiffs allege or imply that Thompson's texts were appropriate, said allegations are denied.

32.     The allegations of ¶ 32 of the Complaint are generally admitted.

33.     The Defendant has insufficient information upon which to form a belief as to the truth of the allegations of ¶ 33 of the Complaint.   Any allegation or insinuation that there was any wrongful lack of adult supervision attributable to any of the City Defendants is denied.

34.     The Defendant has insufficient information upon which to form a belief as to the truth of the allegations of ¶ 34 of the Complaint.   Any allegation or insinuation that there was any wrongful act or omission attributable to any of the City Defendants is denied.

35. The Defendant has insufficient information upon which to form a belief as to the truth of the allegations of ¶ 35 of the Complaint. Any allegation or insinuation that there was any wrongful act or omission attributable to any of the City Defendants is denied.

36. The Defendant has insufficient information upon which to form a belief as to the truth of the allegations of ¶ 36 of the Complaint. Any allegation or insinuation that there was any wrongful act or omission attributable to any of the City Defendants is denied.

37. The Defendant has insufficient information upon which to form a belief as to the truth of the allegations of ¶ 37 of the Complaint. Any allegation or insinuation that there was any wrongful act or omission attributable to any of the City Defendants is denied.

38. The Defendant has insufficient information upon which to form a belief as to the truth of the allegations of ¶ 38 of the Complaint. It is affirmatively averred that the altercation that resulted in the death of Anthony Thompson Jr. was caused by his own actions alone.

39. The Defendant asserts that the 911 recording speaks for itself. To the extent the allegations of ¶ 39 of the Complaint are consistent with said recording, they are admitted, and to the extent the allegations of ¶ 39 of the Complaint are inconsistent with said recording, they are denied.

40. The Defendant asserts that the audio/video recording speaks for itself. To the extent the allegations of ¶ 40 of the Complaint are consistent with said recording, they are admitted, and to the extent the allegations of ¶ 40 of the Complaint are inconsistent with said recording, they are denied.

41. The Defendant asserts that the audio/video recording speaks for itself. To the extent the allegations of ¶ 41 of the Complaint are consistent with said recording, they are

admitted, and to the extent the allegations of ¶ 41 of the Complaint are inconsistent with said recording, they are denied.

42.     The Defendant asserts that the audio/video recording speaks for itself.  To the extent the allegations of ¶ 42 of the Complaint are consistent with said recording, they are admitted, and to the extent the allegations of ¶ 42 of the Complaint are inconsistent with said recording, they are denied.

43.     The Defendant asserts that the audio/video recording speaks for itself.  To the extent the allegations of ¶ 43 of the Complaint are consistent with said recording, they are admitted, and to the extent the allegations of ¶ 43 of the Complaint are inconsistent with said recording, they are denied.

44.     It is admitted that the Defendant officers entered the bathroom at approximately 3:12 p.m. The Defendant has insufficient information upon which to form a belief as to the truth of the remaining allegations of ¶ 44 of the Complaint.

45.     The Defendant has insufficient information upon which to form a belief as to the truth of the allegations of ¶ 45 of the Complaint.

46.     The Defendant has insufficient information upon which to form a belief as to the truth of the allegations of ¶ 46 of the Complaint.

47.     The allegations of ¶ 47 of the Complaint are admitted, upon information and belief, although it is affirmatively averred that none of the City Defendants were aware of said text message at the time.

48.     The allegations of ¶ 48 of the Complaint are admitted, upon information and belief.

49.     It is admitted that Plaintiff Strong was also in the stall in the bathroom.  The Defendant has insufficient information upon which to form a belief as to the truth of the remaining allegations of ¶ 49 of the Complaint.

50.     The allegations of ¶ 50 of the Complaint are generally admitted as to the actions of the KPD individual defendants.  It is denied that those defendants violated the MOA and the School Board Policy. It is further denied that Defendant Willson is a School Security Officer ("SSO").

51.     The allegations of ¶ 51 of the Complaint admitted generally.

52.     The Defendant asserts that the audio/video recording speaks for itself.  To the extent the allegations of ¶ 52 of the Complaint are consistent with said recording, they are admitted, and to the extent the allegations of ¶ 52 of the Complaint are inconsistent with said recording, they are denied.

53.     The Defendant asserts that the audio/video recording speaks for itself.  To the extent the allegations of ¶ 53 of the Complaint are consistent with said recording, they are admitted, and to the extent the allegations of ¶ 53 of the Complaint are inconsistent with said recording, they are denied.

54.     The Defendant asserts that the audio/video recording speaks for itself.  To the extent the allegations of ¶ 54 of the Complaint are consistent with said recording, they are admitted, and to the extent the allegations of ¶ 54 of the Complaint are inconsistent with said recording, they are denied.

55.     The Defendant has insufficient information upon which to form a belief as to the truth of the allegations of ¶ 55 of the Complaint.

56.     The allegations of ¶ 56 of the Complaint are admitted.

12

57.     The allegations of the first two sentences of ¶ 57 of the Complaint are admitted. The allegations of the third sentence of ¶ 57 of the Complaint are admitted, although the decedent was not initially compliant.

58.     The Defendant asserts that the audio/video recording speaks for itself.  To the extent the allegations of ¶ 58 of the Complaint are consistent with said recording, they are admitted, and to the extent the allegations of ¶ 58 of the Complaint are inconsistent with said recording, they are denied.

59.     The Defendant asserts that the audio/video recording speaks for itself.  To the extent the allegations of ¶ 59 of the Complaint are consistent with said recording, they are admitted, and to the extent the allegations of ¶ 59 of the Complaint are inconsistent with said recording, they are denied.  It is affirmatively averred that the decedent placed his right hand in his pocket with the gun despite orders for him to put his hands up.

60.     The Defendant asserts that the audio/video recording speaks for itself.  To the extent the allegations of ¶ 60 of the Complaint are consistent with said recording, they are admitted, and to the extent the allegations of ¶ 60 of the Complaint are inconsistent with said recording, they are denied.  It is denied that Defendants Willson and Officer Clabough reached into the decedent's pocket and that "all three hands were in one pocket".

61.     The Defendant asserts that the audio/video recording speaks for itself.  To the extent the allegations of ¶ 61 of the Complaint are consistent with said recording, they are admitted, and to the extent the allegations of ¶ 62 of the Complaint are inconsistent with said recording, they are denied.  It is specifically averred that the allegations of ¶ 61 of the Complaint do not reflect that the decedent was undisputedly struggling with and continued to struggle with the Defendant officers during this time, as documented by body cam video.

13

62. The Defendant asserts that the audio/video recording speaks for itself. To the extent the allegations of ¶ 62 of the Complaint are consistent with said recording, they are admitted, and to the extent the allegations of ¶ 62 of the Complaint are inconsistent with said recording, they are denied.

63. The Defendant asserts that audio/video recording speaks for itself. To the extent the allegations of ¶ 63 of the Complaint are consistent with said recording, they are admitted, and to the extent the allegations of ¶ 63 of the Complaint are inconsistent with said recording, they are denied.

64. The Defendant asserts that the audio/video recording speaks for itself. To the extent the allegations of ¶ 64 of the Complaint are consistent with said recording, they are admitted, and to the extent the allegations of ¶ 64 of the Complaint are inconsistent with said recording, they are denied.

65. The Defendant asserts that the audio/video recordings speak for themselves. To the extent the allegations of ¶ 65 of the Complaint are consistent with said recording, they are admitted, and to the extent the allegations of ¶ 65 of the Complaint are inconsistent with said recording, they are denied.

66. The allegations of ¶ 66 of the Complaint are denied.

67. The Defendant asserts that the audio/video recording speaks for itself. To the extent the allegations of ¶ 67 of the Complaint are consistent with said recording, they are admitted, and to the extent the allegations of ¶ 67 of the Complaint are inconsistent with said recording, they are denied.

68.     It is admitted that, after initially reaching for Defendant Clabough's firearm, Plaintiff Strong complied with Defendant Clabough's commands, as alleged in ¶ 68 of the Complaint.

69.     The allegations of ¶ 69 of the Complaint are admitted, except that the Defendant has insufficient information upon which to form a belief as to the truth of the allegation as to what Plaintiff Strong saw.

70.     It is admitted that Defendant Clabough handcuffed Plaintiff Strong.  The remaining allegations of ¶ 70 of the Complaint are denied.

71.     The allegations of the first sentence of ¶ 71 of the Complaint are denied.  The remaining allegations of ¶ 71 of the Complaint are admitted, upon information and belief.

72.     The allegations of ¶ 72 of the Complaint are denied.

73.     The allegations of ¶ 73 of the Complaint are denied.

74.     The allegations of ¶ 74 of the Complaint are admitted.  To the extent that these allegations can be construed to suggest, allege, imply or infer that any of the Defendants are in any way liable to Plaintiffs, they are denied.

75.     The Defendant has insufficient information upon which to form a belief as to the truth of the allegations of ¶ 75 of the Complaint.

76.     The Defendant asserts that the audio/video recording camera speaks for itself. To the extent the allegations of ¶ 76 of the Complaint are consistent with said recording, they are admitted, and to the extent the allegations of ¶ 76 of the Complaint are inconsistent with said recording, they are denied.  It is further averred that the video recording from Defendant Clabough's body camera is not the only record of the events in the bathroom.

15

77. The Defendant has insufficient information upon which to form a belief as to the truth of the allegations of ¶ 77 of the Complaint.

78. The Defendant has insufficient information upon which to form a belief as to the truth of the allegations of ¶ 78 of the Complaint. To the extent that it is alleged that Defendant Willson was involved in any de-escalation plan or that he is an SSO, said allegations are denied.

79. The Defendant has insufficient information upon which to form a belief as to the truth of the allegations of ¶ 79 of the Complaint. To the extent that these allegations can be construed to suggest, allege, imply or infer that any of the Defendants are in any way liable to Plaintiffs, they are denied. To the extent that it is alleged that Defendant Willson owed any particular or special duty to any person or that he is an SSO, said allegations are denied.

80. The allegations of ¶ 80 of the Complaint are denied.

81. The allegations of ¶ 81 of the Complaint are denied.

82. The Defendant has insufficient information upon which to form a belief as to the truth of the allegations of ¶ 82 of the Complaint.

83. The Defendant has insufficient information upon which to form a belief as to the truth of the allegations of ¶ 83 of the Complaint.

84. The allegations of the first two sentences of ¶ 84 of the Complaint are denied. The allegations of the final sentence of ¶ 84 of the Complaint are admitted, upon information and belief.

85. The Defendant has insufficient information upon which to form a belief as to the truth of the allegations of ¶ 85 of the Complaint.

86. The Defendant has insufficient information upon which to form a belief as to the truth of the allegations of ¶ 86 of the Complaint.

87. The Defendant has insufficient information upon which to form a belief as to the truth of the allegations of ¶ 87 of the Complaint.

88. The Defendant has insufficient information upon which to form a belief as to the truth of the allegations of ¶ 88 of the Complaint.

89. The Defendant has insufficient information upon which to form a belief as to the truth of the allegations of ¶ 89 of the Complaint.

90. The Defendant has insufficient information upon which to form a belief as to the truth of the allegations of ¶ 90 of the Complaint.

91. The Defendant has insufficient information upon which to form a belief as to the truth of the allegations of ¶ 91 of the Complaint.

92. The Defendant has insufficient information upon which to form a belief as to the truth of the allegations of ¶ 92 of the Complaint. Any allegation or insinuation that the City "just wants Anthony to disappear" is denied.

93. The allegations of the first sentence of ¶ 93 of the Complaint are denied. The Defendant has insufficient information upon which to form a belief as to the truth of the remaining allegations of ¶ 93 of the Complaint.

94. The allegations of ¶ 94 of the Complaint are denied.

95. The Defendant has insufficient information upon which to form a belief as to the truth of the allegations of ¶ 95 of the Complaint.

96. The Defendant has insufficient information upon which to form a belief as to the truth of the allegations of ¶ 96 of the Complaint.

17

97.     The allegations of ¶ 97 of the Complaint constitute legal conclusions to which no response is required.  To the extent that a response is deemed necessary, to the extent that they suggest, allege, imply or infer that the Defendant or its employees are in any way liable to Plaintiffs, the allegations of ¶ 97 of the Complaint are denied.

98.     The Defendant has insufficient information upon which to form a belief as to the truth of the allegations of ¶ 98 of the Complaint.

99.     The Defendant has insufficient information upon which to form a belief as to the truth of the allegations of ¶ 99 of the Complaint.

100.     The Defendant has insufficient information upon which to form a belief as to the relationship between the decedent and Plaintiff Strong.  The remaining allegations of ¶ 100 of the Complaint are admitted, upon information and belief.

101.     The Defendant has insufficient information upon which to form a belief as to the truth of the allegations of ¶ 101 of the Complaint.  To the extent that these allegations can be construed to suggest, allege, imply or infer that any of the Defendants are in any way liable to Plaintiffs, they are denied.

102.     The Defendant has insufficient information upon which to form a belief as to the truth of the allegations of ¶ 102 of the Complaint.  To the extent that these allegations can be construed to suggest, allege, imply or infer that any of the Defendants are in any way liable to Plaintiffs, they are denied.

103.     The Defendant has insufficient information upon which to form a belief as to the truth of the allegations of ¶ 103 of the Complaint.  To the extent that these allegations can be construed to suggest, allege, imply or infer that any of the Defendants are in any way liable to Plaintiffs, they are denied.

104. The allegations of ¶ 104 of the Complaint are denied. To the extent that these allegations can be construed to suggest, allege, imply or infer that any of the Defendants are in any way liable to Plaintiffs, they are denied.

105. The allegations of ¶ 105 of the Complaint are denied.

106. The allegations of ¶ 106 of the Complaint are denied.

107. The allegations of ¶ 107 of the Complaint are denied.

108. Being merely an incorporation of previous allegations, ¶ 108 of the Complaint requires no response from the Defendant.

109. The allegations in the first sentence of ¶ 109 of the Complaint are admitted. The remaining allegations of ¶ 109 of the Complaint are denied.

110. The allegations of ¶ 110 of the Complaint are denied.

111. It is admitted only that the Defendant Officers acted under color of law. The remaining allegations of ¶ 111 of the Complaint are denied.

112. The allegations of ¶ 112 of the Complaint are denied.

113. The allegations of ¶ 113 of the Complaint are denied. It is affirmatively averred that the decedent's own actions were the direct and proximate cause of his death.

114. The allegations of ¶ 114 of the Complaint are denied.

115. The allegations in the first sentence of ¶ 115 of the Complaint are admitted. The remaining allegations of ¶ 115 of the Complaint are denied.

116. The allegations of ¶ 116 of the Complaint are denied.

117. It is admitted only that the Defendant Officers acted under color of law. The remaining allegations of ¶ 117 of the Complaint are denied.

118. The allegations of ¶ 118 of the Complaint are denied.

119. The allegations of ¶ 119 of the Complaint are denied. It is expressly denied that the Defendant Officers were involved in the continued detention of Plaintiff Strong.

120. The allegations of ¶ 120 of the Complaint are denied.

121. The allegations of ¶ 121 of the Complaint are denied.

122. The allegations of ¶ 122 of the Complaint are denied.

123. The allegations of ¶ 123 of the Complaint are denied.

124. The allegations of ¶ 124 of the Complaint are denied.

125. The allegations of ¶ 125 of the Complaint are denied.

126. The allegations of ¶ 126 of the Complaint are denied.

127. The allegations of ¶ 127 of the Complaint are denied.

128. The allegations of ¶ 128 of the Complaint are denied.

129. It is admitted that the Defendant officers were aware that the decedent was injured. The Defendant has insufficient information upon which to form a belief as to the truth of the remaining allegations of ¶ 129 of the Complaint.

130. It is admitted that initially the Defendant officers made efforts to secure the scene, and that medical assistance was summoned. The remaining allegations of ¶ 130 of the Complaint are denied.

131. The allegations of ¶ 131 of the Complaint are denied.

132. The allegations of ¶ 132 of the Complaint are denied.

133. The allegations of ¶ 133 of the Complaint are denied.

134. The allegations of ¶ 134 of the Complaint are denied.

135. The allegations of ¶ 135 of the Complaint are denied.

136. The allegations of ¶ 136 of the Complaint are denied.

20

137.     The allegations of ¶ 137 of the Complaint are denied.

138.     The allegations of ¶ 138 of the Complaint are denied.

139.     The allegations of ¶ 139 of the Complaint are denied.

140.     The allegations of ¶ 140 of the Complaint are denied.

141.     The allegations of ¶ 141 of the Complaint are denied.

142.     The allegations of ¶ 142 of the Complaint are denied.

143.     The allegations of ¶ 143 of the Complaint are not directed at this Defendant and therefore require no response.  To the extent that these allegations can be construed to suggest, allege, imply or infer that this Defendant or the Defendant officers are in any way liable to Plaintiffs, they are denied.

144.     The allegations of ¶ 144 of the Complaint are not directed at this Defendant and therefore require no response.  To the extent that these allegations can be construed to suggest, allege, imply or infer that this Defendant or the Defendant officers are in any way liable to Plaintiffs, they are denied.

145.     The allegations of ¶ 145 of the Complaint are not directed at this Defendant and therefore require no response.  To the extent that these allegations can be construed to suggest, allege, imply or infer that this Defendant or the Defendant officers are in any way liable to Plaintiffs, they are denied.

146.     The allegations of ¶ 146 of the Complaint are denied.

147.     The allegations of ¶ 147 of the Complaint are denied.

148.     The allegations of ¶ 148 of the Complaint are not directed at this Defendant and therefore require no response.  To the extent that these allegations can be construed to

Case 3:22-cv-00125-CEA-JEM   Document 22   Filed 06/10/22   Page 21 of 24   PageID #: 121

suggest, allege, imply or infer that this Defendant or the Defendant officers are in any way liable to Plaintiffs, they are denied.

149. The allegations of ¶ 149 of the Complaint are not directed at this Defendant and therefore require no response. To the extent that these allegations can be construed to suggest, allege, imply or infer that this Defendant or the Defendant officers are in any way liable to Plaintiffs, they are denied.

150. The allegations of ¶ 150 of the Complaint are not directed at this Defendant and therefore require no response. To the extent that these allegations can be construed to suggest, allege, imply or infer that this Defendant or the Defendant officers are in any way liable to Plaintiffs, they are denied.

151. The allegations of ¶ 151 of the Complaint are not directed at this Defendant and therefore require no response. To the extent that these allegations can be construed to suggest, allege, imply or infer that this Defendant or the Defendant officers are in any way liable to Plaintiffs, they are denied.

152. The allegations of ¶ 152 of the Complaint are denied.

153. The allegations of ¶ 153 of the Complaint are denied.

154. The allegations of ¶ 154 of the Complaint are denied.

155. The allegations of ¶ 155 of the Complaint are denied.

156. The allegations of ¶ 156 of the Complaint are denied.

157. The allegations of ¶ 157 of the Complaint are denied.

158. The allegations of ¶ 158 of the Complaint are not directed at this Defendant and therefore require no response. To the extent that these allegations can be construed to

Case 3:22-cv-00125-CEA-JEM   Document 22   Filed 06/10/22   Page 22 of 24   PageID #: 122

suggest, allege, imply or infer that this Defendant or the Defendant officers are in any way liable to Plaintiffs, they are denied

159. The allegations of ¶ 159 of the Complaint are denied.

160. The allegations of ¶ 160 of the Complaint are denied.

161. The allegations of ¶ 161 of the Complaint are denied.

162. The allegations of ¶ 162 of the Complaint are denied.

163. The allegations of ¶ 163 of the Complaint are denied.

164. The allegations of ¶ 164 of the Complaint are denied.

165. The allegations of ¶ 165 of the Complaint are denied.

166. The allegations of ¶ 166 of the Complaint are denied.

167. The allegations of ¶ 167 of the Complaint are denied.

168. The allegations of ¶ 168 of the Complaint are denied.

169. The allegations of ¶ 169 of the Complaint do not appear to be directed at this Defendant and therefore require no response. To the extent that these allegations can be construed to suggest, allege, imply or infer that this Defendant or the Defendant officers are in any way liable to Plaintiffs, they are denied.

170. The allegations of ¶ 170 of the Complaint are denied.

171. The allegations of ¶ 171 of the Complaint are denied.

172. The Defendant denies that it is liable to the Plaintiffs for any damages, costs, remedies, interest, or attorney's fees in any amount or degree as claimed by the Plaintiffs or for any other relief requested in the Prayer for Relief in the Complaint.

173. All other allegations contained in the Complaint not hereinabove admitted, denied, or explained are now denied as if fully and specifically set out herein.

23

174.    The Defendant reserves the right to plead more specifically as information is obtained through the discovery process.

Now having fully answered, the Defendant demands judgment dismissing the Complaint with costs and attorney's fees taxed to the Plaintiffs, or in the alternative for a jury to try this action.

Respectfully submitted on this the 10th day of June, 2022.

s/ Ronald E. Mills, BPR # 013348
Deputy Law Director
City of Knoxville
400 Main Avenue, Suite 699
Knoxville, TN 37902
(865) 215-2050
*Attorney for Defendant City of Knoxville*

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of June, 2022 a copy of the foregoing Answer was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

s/ Ronald E. Mills

F:\LITIGATI\CIVILRT\Robinson, Chanada\Answer- COK (final).doc