# IN THE UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF TENNESSEE AT KNOXVILLE

| | | |
|---|---|---|
| Chanada Robinson for herself and<br>As Next Friend/Next of Kin,<br>for Anthony Thompson Jr., and | ) ) ) ) | |
| Gralyn Strong, | ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Civil Trial No. 3:22-cv-00125<br>**JURY TRIAL REQUESTED** |
| Knox County Board of Education,<br>Knox County,<br>City of Knoxville, d/b/a the Knoxville Police<br>Police Department, a government entity,<br>Officer Brian Baldwin, in his individual and<br>Official capacity<br>Officer Stanley Cash, in his individual and<br>Official Capacity<br>Officer Jonathon Clabough, in his individual and<br>Official Capacity<br>Officer Adam Willson, in his individual and<br>Official Capacity. | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## FEDERAL RULE OF CIVIL PROCEDURE 26(f) PLANNING REPORT

Come the Plaintiffs Chanda Robinson for herself and as next friend/next of kin, for Anthony Thompson, Jr. and Gralyn Strong and defendants City of Knoxville, Tennessee, Knoxville Police Department ("KPD") Officer Jonathon Clabough, KPD Officer Brian Baldwin ("Officer Baldwin"), KPD Lieutenant Stanley Cash ("Lt. Cash"), and KPD Officer Adam Willson ("Officer Willson"), in their individual capacity, and provide this *Planning Report* per Federal Rule of Civil Procedure 26(f):

1. **Participating Parties:**

Margaret Held on behalf of Chanda Robinson and Anthony Thompson.

Hoai Robinette on behalf of Gralyn Strong.

Ron Mills on behalf of the City of Knoxville, Tennessee.

John Kizer on behalf of Officer Jonathon Clabough.

Gary Prince, Daniel Gass, and Craig Strand on behalf of Officers Brian Baldwin, Stanley Cash, and Adam Willson.

2. **Nature and Basis of Claims and Defenses:** Plaintiffs have filed causes of action against the respective defendants under 42 U.S.C. § 1983 and for various state-law torts related to an event Austin-East Magnet School on April 12, 2021. A more specific description of Plaintiff's claims against the defendants are in Plaintiffs' *Amended Complaint* (Doc. 31). Defendants have set forth its defenses, including the affirmative defense of qualified immunity, in their respective *Answers* (Doc. 32; Doc. 33; Doc. 34). Defendants provide that they should not be held liable for any of the stated federal or state-law claims.

3. **Possibility of Promptly Settling or Resolving the Case:** There is minimum possibility of settling or resolving this case.

4. **Initial Disclosures:** Parties shall make initial disclosures under Rule 26(a)(1) of the Federal Rules of Civil Procedure by September 23, 2022.

5. **Preservation of Discoverable Information:** Parties do not anticipate that there will be any issues concerning the preservation of discoverable information. Plaintiffs will send letter to Knox County, Tennessee regarding any concerns that they may have about the preservation of discoverable information that may be in its possession.

6. **Discovery Plan:** Parties attempted to come to a discovery plan regarding this matter. The parties agreed to the following:

> (a) Parties submit that parties shall make initial disclosures under Rule 26(a)(1) of the Federal Rules of Civil Procedure by September 23, 2022.

2

(b) Parties agree and propose that discovery be conducted in two phases. Parties agree and propose that discovery on the qualified immunity issues will be conducted in the first phase. At this conference, parties could not agree on what discovery concerning qualified immunity would be conducted, which manner such discovery would be conducted, or when dispositive motions would be required to be filed. When discovery disputes concerning qualified immunity arise, parties will work together in a good-faith manner to resolve these issues. However, if unable to agree, parties will file the proper motions in Court. Parties agree and propose that, after ruling by this Court and a possible appeal of the Court's decision on the qualified immunity motions, discovery may be conducted on all other issues (if necessary).

(c) Parties do not anticipate any issues regarding the disclosure, discovery, or preservation of electronically stored information.

(d) It is anticipated that one or more parties may assert that some information may be privileged and/or confidential. Parties do not anticipate any irresolvable issues regarding claims of privilege and/or confidentiality. Should the parties agree on a procedure to assert claims or privilege or protection during discovery, the Court will be asked to include the parties' agreement in an Order. If the parties cannot agree on a procedure to assert claims of privilege and/or protection during discovery, they will request the Court to resolve any dispute related to privileged and/or protection. Plaintiffs proposed that parties agree that any autopsy findings and autopsy photographs should not be made available to the public and thus kept under seal. At the time of the meeting, defendants stated that it could not agree to this because they were not sure how any of that proof may be used. Additionally, defendants provided that some of this proof is subject to public information requests. When and if issues concerning this proof arises, parties will attempt to work together to come to any agreement. Parties will file proper motions with the Court if they are unable to agree.

(e) Parties do not anticipate that there will be any changes on the limitations of discovery imposed by the Federal Rules of Civil Procedure or Local Rules except as limited under the qualified immunity doctrine.

(f) Parties do not anticipate any other orders that this Court should issue under Rule 26(c) or under Rule 16(b).

(g) The parties anticipate that any service of discovery may be made via email.

7. **Other Items:**

(a) Parties anticipate that the trial should be ready in one year following the determination on any qualified immunity motions.

(b) The parties anticipate that the trial last five (5) to seven (7) days.

(c) The parties do not consent to the Magistrate.

Respectfully submitted this 16th day of September, 2022.

s/Margaret B. Held
Margaret B. Held, BPR#018033
Attorney for Plaintiff Chanada Robinson
Held Law Firm
1522 Highland Avenue
Knoxville, TN 37916

s/Hoai Robinette
Hoai Robinette, BPR#036174
Attorney for Plaintiff Gralyn Strong
Law Offices of A. Philip Lomonaco
800 South Gay Street, Suite 1950
Knoxville, TN 37929

s/John M. Kizer
John M. Kizer, BPR#029846
Attorney for Defendant Officer Jonathan Clabough, in his individual capacity
Gentry, Tipton & McLemore, PC
900 South Gay Street, Suite 2300
Knoxville, TN 37902

s/Ronald E. Mills
Ronald E. Mills, BPR#013348
Attorney for Defendant City of Knoxville
City of Knoxville
P.O. Box 1631
Knoxville, TN37901

s/Gary M. Prince
Gary M. Prince, BPR#010091
Attorney for Defendants Officer Adam Wilson,
Officer Brian Baldwin and Officer Stanley Cash, in their individual capacity
O'Neil, Parker & Williamson PLLC
7610 Gleason Drive, Suite 200
Knoxville, TN 37919