# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| Chanada Robinson for herself and </br>As Next Friend/Next of Kin, </br> for Anthony Thompson Jr., and </br></br>Gralyn Strong, </br></br>Plaintiffs, </br></br>Vs. </br></br>City of Knoxville, d/b/a the Knoxville Police </br>Department, a government entity, </br>Officer Brian Baldwin, in his individual and </br> Official capacity </br>Officer Stanley Cash, in his individual and </br> Official Capacity </br>Officer Jonathon Clabough, in his individual and </br> Official Capacity </br>Officer Adam Willson, in his individual and </br> Official Capacity, </br></br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) </br></br>Civil Trial No. 3:22-cv-00125-CEA-JEM </br>JURY TRIAL REQUESTED |

**MOTION FOR EXPERT WITNESS TO OFFER TESTIMONY ON LIMITED ISSUE**

 Plaintiffs, by and through the undersigned counsel, move this Honorable Court for an Order clarifying that Dr. Wilson may testify as to the conclusions in his report **related to Anthony Thompson's behavior after he was shot.**

 Specifically, Dr. Wilson offered his opinions, within his experience as an emergency room physician, and to a degree of reasonable medical certainty, as to (a) when, based on Ant's behaviors as described by the testimony of the Defendants and eye witnesses, he likely lost consciousness and thereby ceased feeling pain, and (b) the amount of pain and suffering Ant likely experienced until he lost consciousness. Such proof is necessary to establish Plaintiffs' damages.

The Order, as written, appears to exclude Dr. Wilson's testimony altogether. Defendant's Motion *in Limine* did not ask for such broad relief; Defendants asked only that the Court exclude Dr. Wilson allowed to testify with regard to his opinion about breaches of the standard of care. While the Court discussed its rationale for excluding his testimony with regard to the standard of care at length, the Court gave no rationale for excluding his testimony with regard to his interpretation of Ant's behavior after he was shot, nor his testimony with regard to the degree of Ant's suffering, both of which are within his expertise to opine upon based on his qualifications as a veteran emergency room physician. The Court may have intended to exclude his testimony outright, or the decision may have been a function of simple oversight.

For further defense of Dr. Wilson's ability to testify, Plaintiffs rely upon their Response to Defendant's Motion *in Limine*.

Respectfully submitted this 30th day of December, 2025.

*s/Margaret Held*
Margaret Held
TN BOPR #018033
Attorney for Plaintiff(s)

HELD LAW FIRM
1522 Highland Avenue
Knoxville, TN 37916
(865) 637-6550
Email mbheld@heldlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing MOTION has been served upon all Defendants through counsel of record by utilizing the Court's electronic filing system, this 30th day of December, 2025.

*s/Margaret Held*
Margaret Held