IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| CHANADA ROBINSON, ) | |
| as Next Friend/Next of Kin for Anthony ) | |
| Thompson, Jr., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 3:22-cv-00125-CEA-JEM |
| ) | |
| CITY OF KNOXVILLE, et al., ) | |
| ) | |
| Defendants. ) | |

### DEFENDANTS' JOINT RESPONSE TO MOTION TO INTERVENE

Come now the Defendants, KPD Officer Jonathon Clabough, KPD Lieutenant Stanley Cash, and KPD Officer Brian Baldwin, in their individual capacities (the "Defendants"), by and through counsel, and file this joint response to the Motion to Intervene [Doc. 167]. In support, the Defendants state as follows:

Pursuant to the Order entered on December 11, 2025 [Doc. 156], the parties participated in a judicially-hosted settlement conference with the Honorable Susan K. Lee, United States Magistrate Judge, on January 7, 2026. As a result of those efforts, the parties were able to resolve the Plaintiff's 42 U.S.C. § 1983 claim for denial of medical care, which is the Plaintiff's only remaining claim in this action.

The Motion to Intervene [Doc. 167] was filed on behalf of Anthony Thompson, Sr. on January 6, 2026, the day before the settlement conference, and remains pending. It is anticipated that the Plaintiff and the Defendants will soon file a stipulation of dismissal of this action with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii).

A voluntary dismissal with prejudice constitutes a final adjudication on the merits, and in such circumstances, the stipulation itself effectuates the dismissal, leaving no further action for the court to take. *Homesite Ins. Co. of the Midwest v. Robards*, 2014 U.S. Dist. LEXIS 12879, at *5 (E.D. Tenn. Feb. 3, 2014). In *Homesite Ins. Co.*, Judge Varlan stated that the stipulation of dismissal signed by the plaintiff and defendant divested the Court of jurisdiction over the case prior to the time the non-parties filed their motion to intervene. *Id.*, at *7. Discussing this issue, Judge Varlan quoted with approval from *Mut. Produce, Inc. v. Penn Cent. Transp. Co*. and other cases, as follows:

> In a case where a Rule 41(a)(1)(A)(ii) stipulation of dismissal, complete with the signatures of all parties, was filed four days *after* a nonparty's motion to intervene, the court held that "[b]ecause the stipulations of dismissal were effective when filed, there is no action in which to intervene and the motions to intervene are moot." *Mut. Produce, Inc. v. Penn Cent. Transp. Co.*, 119 F.R.D. 619, 621 (D. Mass. 1988); *see also Marex Titanic, Inc. v. Wrecked & Abandoned Vessel*, 2 F.3d 544, 547-48 (4th Cir. 1993) (holding that after the plaintiff voluntarily dismissed its action, "the district court had no discretion to allow [a nonparty] to intervene in the defunct action"); *City of Bridgeport v. U.S. Dep't of Army*, No. 3:09-CV-0532CSH, 2009 U.S. Dist. LEXIS 93146, 09 WL 3254475 (D. Conn. Oct. 6, 2009) (motion to intervene mooted by voluntary dismissal); *Nance v. Jackson*, 56 F.R.D. 463, 471 (M.D. Ala. 1972) (holding that once voluntary dismissal has been granted by court order, "there is no justiciable action pending in which to intervene"). The Court lacks jurisdiction over motions to intervene under such circumstances because "there is no 'case or controversy' pending in light of the dismissal." *GMAC Commercial Mortgage Corp. v. LaSalle Bank Nat. Ass'n*, 213 F.R.D. 150, 150 (S.D.N.Y. 2003).
> Id., at *6-*7 (Emphasis in the original)

Judge Reeves applied these principles in *Salem Pointe Capital, LLC v. BEP Rarity Bay, LLC*, 2020 U.S. Dist. LEXIS 143785, at *17 (E.D. Tenn. Aug. 11, 2020), stating in part, "Likewise, a valid Rule 41(a)(1)(A)(ii) stipulation of dismissal also works to moot any pending intervention motions."

Accordingly, the Defendants submit that, upon the filing of the stipulation of dismissal of this action with prejudice, the Motion to Intervene [Doc. 167] must be denied as moot.

Even if this were not the case, the Motion to Intervene must be denied because it was most certainly not timely filed, which is a requirement under the express language of both FRCP 24(a) and FRCP 24(b). This case was filed on April 11, 2022, it has been to the Sixth Circuit and back, and had it not been settled at the settlement conference on January 7, 2026, it was on schedule to proceed to trial, beginning on February 10, 2026, less than a month away. No excuse Mr. Thompson could possibly offer would justify such a delay, and any effort to do so would be frivolous. By any conceivable standard, the Motion to Intervene is not timely filed and should be denied on that additional basis.

WHEREFORE, based on the above, the Defendants respectfully request that the Court deny the Motion to Intervene [167].

Respectfully submitted this 13th day of January, 2026.

<u>s/ N. Craig Strand</u>
Gary M. Prince, BPR #010091
N. Craig Strand, BPR #028381
O'Neil, Parker & Williamson, PLLC
7610 Gleason Drive, Suite 200
Knoxville, Tennessee 37919
gprince@opw.com
cstrand@opw.com
865-546-7190
Attorneys for Defendants Stanley Cash and Brian Baldwin, in their individual capacities

<u>s/ John M. Kizer</u>
W. Morris Kizer, BPR #1571
John M. Kizer, BPR #029846
Gentry, Tipton & McLemore, P.C.
P.O. Box 1990
Knoxville, Tennessee 37901
wmk@tennlaw.com
jmk@tennlaw.com
865-525-5300
Attorneys for Defendant Jonathon Clabough, in his individual capacity

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on January 13, 2026, the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all counsel indicated on the electronic filing receipt. All other counsel, if any, will be served by regular U.S. Mail. Counsel may access this filing through the Court's electronic filing system.

                                                s/ John M. Kizer
                                                John M. Kizer (BPR #029846)