# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| Chanada Robinson for herself and <br> As Next Friend/Next of Kin, <br>     for Anthony Thompson Jr., and <br><br> Plaintiffs, <br><br> vs. <br><br> Officer Brian Baldwin, in his individual and <br>     Official capacity <br> Officer Stanley Cash, in his individual and <br>     Official Capacity <br> Officer Jonathon Clabough, in his individual and <br>     Official Capacity <br><br> Defendants. | Civil Trial No. 3:22-cv-00125-CEA-JEM <br> JURY TRIAL REQUESTED |

## PLAINTIFF'S RESPONSE TO MOTION TO INTERVENE

Plaintiff, Chanada Robinson ("Mother") for herself and as next friend/next of kin for Anthony Thompson, Junior, at the direction of this Court, by and through the undersigned counsel, responds to Mr. Thompson's Motion to Intervene. As discussed below, this Court should deny the Motion for two reasons. First, subject to court approval, the case has been resolved, and the matter will be dismissed prior to when the Motion would normally be ripe for adjudication; therefore, in such circumstances, this Court would lack subject matter jurisdiction to grant such a motion, and precedent suggests that any pending motions would be so resolved as well. Second, pursuant to Rule 24, Mr. Thompson waived his right to intervene because he waited too long to file. Plaintiff further incorporates Defendants' Response.

At 7:11 PM on January 6, 2026, the night before a court-ordered judicial settlement conference and approximately one month before trial in this highly publicized case, Mr. Thompson filed the instant Motion to Intervene, demanding that he be included in any settlement

discussions and allowed to get money from any settlement. At the conference, the actual parties to this four-year-old lawsuit agreed to terms and submitted a settlement for this Court's approval.

As discussed in Defendant's Response, a Rule 41(a)(1)(A(ii) stipulation of dismissal on file with the Court becomes effective when filed, and district courts across the country have held that any Motion to Intervene that is pending at the time is moot. In this District, Judge Reeves agreed that a stipulation of dismissal moots any pending motions to intervene. *Salem Pointe Capital, LLC v. BEP Rarity Bay, LLC*, 2020 U.S. Dist. LEXIS 143785, *17 (E.D. Tenn. 2020). In this case, the parties have signed a Settlement Agreement and Release of All Claims. Plaintiff plans to file a Stipulation of Dismissal as soon the Court approves the settlement. Plaintiff would have submitted the Stipulation already, except that this Court ordered her first to file this instant Response. Once the Court approves the settlement and the Rule 41 Stipulation is filed, this case is over and this Court loses subject matter jurisdiction to grant the Motion to Intervene.

Alternatively, if this Court does not approve the settlement and this case remains open, Mr. Thompson's Motion to Intervene should be denied because it does not comply with Rule 24's timeliness requirement.

The Rule provides, in pertinent part:

> **(a)** Intervention of Right**. On timely motion**, the court must permit anyone to intervene who…
>
> **(2)** claims an interest relating to the property or transaction that is the subject of the action and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.
>
> **(b)** Permissive Intervention.
>
> **(1)** *In General.* **On timely motion**, the court may permit anyone to intervene who…
>
> **(B)** has a claim or defense that shares with the main action a common question of law or fact…

> **(2)** *Delay or Prejudice.* In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

Rule 24(emphasis added). If appealed, the Sixth Circuit will review this Court's denial of a motion to intervene as a matter of right *de novo*, and for permissive intervention on an abuse of discretion standard; however, in either case, the application must be "timely." *NAACP v. New York*, 413 U.S. 345, 365 (1973); *Velsicol v. Chemical Corp. v. Enenco, Inc.* 9 F.3d 524, 531 (6th Cir. 1993).

In considering the issue of timeliness, the Sixth Circuit instructs district courts to consider five factors: (1) the point to which the suit has progressed, (2) the purpose for which intervention is sought, (3) the length of time preceding the application during which the proposed intervenor knew or reasonably should have known of their interest in the case, (4) the prejudice to the original parties due to the proposed intervenor's failure to apply promptly, and (5) the existence of unusual or mitigating circumstances militating against or in favor of intervention. The timeliness determination is within the discretion of the court, and the Sixth Circuit has emphasized that intervention after a case has progressed significantly or is near resolution is generally disfavored unless exceptional circumstances exist. *Beckert v. TBLC Holdings, Inc.* 221 F.3d 870 (6th Cir. 1985).

1. **Point to which suit has progressed**

This case has progressed to the eve of trial, set for final hearing less than one month from now, on February 10, 2026. Mr. Thompson filed this motion approximately five years after Anthony died, four years after Anthony's mother filed the initial lawsuit, and one month before trial. In that time, the parties have filed their expert witness reports, final Rule 26(a)(3)

disclosures, all motions *in limine*, and jury instructions were due on January 13. Without belaboring the point, the lateness of the hour supports this Court denying the Motion.

2. **Purpose for which intervention is sought**

Mr. Thompson's motion says his purpose is to "ensure that his statutory rights are preserved, and that he may participate in all litigation, settlement discussions, and determinations effecting distribution of proceeds." Motion, Par. 8. Respectfully, if Mr. Thompson wanted to "participate" in litigation or settlement discussions, the time to have intervened was sometime before all parties to this lawsuit had filed their final witness, exhibit lists and motions *in limine*, or perhaps before the child's mother, on her Knox County School's salary, solely bore the cost of the district court, her appeal to the Sixth Circuit, and hiring a medical doctor as her expert witness. As to his desire to preserve his unspecified statutory rights, or in decisions related to the distribution of the proceeds, Mr. Thompson's "right" to any of the proceeds can be adjudicated in state court, which would also have jurisdiction to adjudicate Mother's claims related to Mr. Thompson's failure to substantially participate in paying to bury his son or to pay a dime in child support for at least the last fifteen years of Ant's life.[1]

3. **Length of time this case has been pending during which the movant knew or reasonably should have known about their interest in the case**

---

[1] Tennessee law often disqualifies a parent from recovering proceeds from certain types of actions if they have failed to pay child support arrearages or intentionally neglected to support or contact the child. For instance, T.C.A. § 31-2-105 prevents a parent from inheriting through intestate succession until all child support arrearages and interest are paid in full. Tennessee courts discuss another example of a parent's disqualification from participation in a settlement in *Spires v. Simpson*, 539 S.W.3d 134 (Tenn. 2017), where the Tennessee Supreme Court upheld disqualification of a parent from receiving proceeds from a wrongful death case due to father's failure to support the child during the child's life.

This case has been widely publicized since it was filed in April 2022, one year after Respondent Clabough shot Ant dead. The case has traveled to the Sixth Circuit and back. Local and national news outlets have tracked its progress. Movant reasonably should have known that any rights he might have were implicated due to the media coverage, but more to the point, Movant actually knew about the case, as evidenced by the fact that his attorney contacted Mother's attorney within weeks of filing, suggesting he wanted to join, but inexplicably did not file the motion until four years later, on the eve of trial, and only when the smell of a potential financial settlement was in the air.

4. **Prejudice to original parties**

The Sixth Circuit instructs district courts to consider whether intervention will delay or prejudice the adjudication of the original parties' rights. Here, because the parties traveled to Chattanooga from Knoxville, with six attorneys participating, and settled the case subject to this Court's approval around that night. Because everyone believes they have settled the case, they have not continued preparing for trial. Deadlines to respond to the pending motions *in limine* have passed; tickets for expert witnesses to make accommodations have passed; the date for submission of jury instruction has passed, and the parties have not conferred as is required prior for submission of the pre-trial order. The parties will not be able to keep a trial date that has been set on this Court's overburdened docket since last summer.

5. **Unusual or mitigating circumstances**.

While not defined in Rule 24, unusual or mitigating circumstances could include, for example, a change in the litigation that suddenly impacts the movant's interests. *Janson v. Cincinnati*, 904 F.2d 336 (6th Cir. 199). So, in the *Janson* case, the movant discovered midway through the litigation that the City was not adequately protecting his interest after it took a

particular position in a motion for summary judgment. Here, no such similar unusual circumstances exist to excuse Mr. Thompson's failure to timely file his motion. The Sixth Circuit held about a year ago that this case could proceed to trial, but that decision did nothing to change Mr. Thompson's status. Mr. Thompson lists no mitigating factor and indeed, no fact justifies Mr. Thompson waiting until one month before trial to request intervention.

Put baldly, Mr. Thompson's Motion to Intervene appears to be a last-minute attempt to grab money by sabotaging good-faith settlement negotiations between parties to a painful, public, four-year long lawsuit to which he never contributed, similar to his failure to contribute to the support of his son while he was alive, or substantially to the cost of his son's burial. If Mr. Thompson wants to claim some entitlement to a portion of Ant's settlement, he has other remedies than to intervene in a four-year-old federal lawsuit. There is no need for this painful litigation to continue. Ms. Robinson requests that this Court DENY his motion to intervene as untimely filed.

Respectfully submitted this 15th day of January, 2026.

*s/Margaret Held*
TN BOPR #018033
Attorney for Chanada Robinson

HELD LAW FIRM
1522 Highland Avenue
Knoxville, TN 37916
(865) 637-6550
Email mbheld@heldlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing RESPONSE has been served utilizing the Court's electronic filing system this 25th day of January, 2026.

*s/Margaret Held*
Margaret Held