# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| CHANADA ROBINSON, for herself and as next of friend/next of kin for Anthony Thompson, Jr., | )<br>)<br>) |
| *Plaintiff,* | ) Case No. 3:22-cv-125 <br>) <br>) Judge Atchley |
| v. | ) <br>) Magistrate Judge McCook |
| BRIAN BALDWIN, *et al.*, | ) <br>) |
| *Defendants.* | ) |

## MEMORANDUM OPINION AND ORDER

On January 14, 2026, the parties filed a Stipulation of Dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). [Doc. 178]. Ordinarily, a dismissal that complies with Federal Rule of Civil Procedure Rule 41(a)(1)(A) is effective upon filing, without the necessity of a Court order. This case, however, presents an additional procedural issue: a pending Motion to Intervene [Doc. 167] filed by Anthony Thompson, Sr. on the eve of the parties' judicial settlement conference. For the reasons explained below, the Court no longer has jurisdiction over this action upon the filing of a valid Rule 41(a)(1)(A)(ii) stipulation of dismissal. Accordingly, Mr. Thompson's Motion to Intervene [Doc. 167], along with any other unresolved motions, must be **DENIED AS MOOT** and this case **DISMISSED**.

I.     BACKGROUND

In an effort to provide context, the Court briefly summarizes the procedural posture relevant to the present issues. On December 11, 2025, the Court ordered the parties to participate in a judicially hosted settlement conference. [Doc. 156]. On January 6, 2026, the evening before the scheduled conference, Mr. Thompson, the biological father of Anthony Thompson, Jr., filed a

Motion to Intervene [Doc. 167], asserting that his legal interests would be implicated in this litigation. At that point, this case has been pending for nearly four years, had traveled to the Sixth Circuit and back, and was on the eve of a potential settlement. The settlement conference nevertheless proceeded as scheduled, and the parties engaged in productive discussions that resulted in a negotiated resolution of the case. Following the conference, the parties filed a Stipulation of Dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) [Doc. 178], notwithstanding the pending Motion to Intervene [Doc. 167]. Plaintiff and Defendants both responded in opposition to the Motion to Intervene, arguing that not only is the Motion untimely but that it should be denied as moot upon the filing of the parties' stipulation of dismissal. [Docs. 176 & 179].

II. ANALYSIS

The filing of a valid stipulation of dismissal has jurisdictional implications. This is because a "a Rule 41(a)(1) notice of dismissal is self-effectuating, leaving no basis upon which a District Court can prevent such a dismissal." *Aamot v. Kassel*, 1 F.3d 441, 445 (6th Cir. 1993). "As a result, a Rule 41(a)(1)(A)(ii) stipulation of dismissal 'terminate[s] the district court's jurisdiction except for the limited purpose of reopening and setting aside the judgment of dismissal within the scope allowed by Rule 60(b) of the Federal Rules of Civil Procedure.'" *Salem Pointe Capital, LLC v. Bep Rarity Bay, LLC*, Nos. 3:18-cv-443; 3:18-cv-444, 2020 U.S. Dist. LEXIS 143785, *6–7 (E.D. Tenn. Aug. 11, 2020) (citing *Hinsdale v. Farmers Nat. Bank & Trust Co.*, 823 F.2d 993, 995-96 (6th Cir. 1987) (citations and internal quotation marks omitted)). As such, courts have consistently found that a valid Rule 41(a)(1)(A)(ii) stipulation of dismissal works to moot any pending intervention motions. *See Moses v. City of Perry*, 90 F.4th 501, 506–07 (6th Cir. 2024); *Salem Pointe*, 2020 U.S. Dist. LEXIS 143785, at *16–17 (collecting cases).

Here, the Court finds that the stipulation of dismissal was properly signed and filed by counsel of record for Plaintiff and Defendants, which are all the parties in this case at the time of its filing. [Doc. 178]. Although Mr. Thompson filed his Motion to Intervene [Doc. 167] before the parties filed their stipulation of dismissal [Doc. 178], Mr. Thompson, as a potential intervenor, is not considered a "party" under Rule 41 until his Motion is granted. *Moses*, 90 F.4th at 505 ("So a nonparty does not become a party until the district court grants the motion to intervene"). Therefore, the parties did not need Mr. Thompson's consent to dismiss this action.

Because the parties in this matter stipulated to a final dismissal that was effective immediately upon filing, the Court no longer has jurisdiction over this action. Accordingly, the parties' stipulation of dismissal mooted Mr. Thompson's Motion to Intervene [Doc. 167]. *See Moses*, 90 F.4th at 505.

### III. CONCLUSION

For the reasons stated above, this Court no longer has jurisdiction over this matter. Accordingly, Mr. Thompson's Motion to Intervene [Doc. 167], and any other unresolved motions [Docs. 161, 162, 163, 169, 170, 171, 172, 173, 174, 175], are **DENIED AS MOOT**. This action is **DISMISSED WITH PREJUDICE**.

**AN APPROPRIATE JUDGMENT WILL ENTER.**

**SO ORDERED**.

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**